IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:05-CR-00283-DRB |
| | ) | WO |
| JOSEPH J. DAVIS | ) | |

**<u>ORDER ON MOTION</u>**

Submitted is Defendant's unopposed *Motion to Continue* (Doc.10, March 15, 2006), filed with a Waiver of Speedy Trial Rights (Doc. 11), for consideration in the context of the Speedy Trial Act, 18 U.S.C.§3161. On December 9, 2005, the United States filed a one-count Information charging the Defendant with possession of marijuana; following his arraignment on January 10, 2006, the Court scheduled jury trial on March 20, 2006 (Doc.9).

While the granting of a motion for continuance is left to the sound discretion of the Court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the Act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978). The court also must consider "whether the failure to grant such a continuance . . . would deny

counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

As grounds for continuing trial from the March 20, 2006 term, to the term beginning May 15, 2006, the Defendant reports that he has applied for Pretrial Diversion but no decision has been reached. Additionally, defense counsel reports the Special Assistant United States Attorney, Captain Neal Frazier is on Temporary Duty (TDY) and will not be available for trial. .

For the reasons stated, and pursuant to the United States' concurrence with the motion, the court concludes, pursuant to 18 U.S.C.§3161(h)(8)(A) and (B), that the ends of justice served by granting a continuance outweigh the interests of the public and the defendant in a speedy trial.

**Accordingly, it is ORDERED that Defendant's** *Motion to Continue* **is GRANTED. Because the court's May 15, 2006, term cannot be accommodated, the jury selection and trial of this cause are continued to the Montgomery misdemeanor term set on July 17, 2006.** Any requested voir dire questions and jury instructions must be filed no later than one week before jury selection.

Done this 17th day of March, 2006.

                                             **/s/ Delores R. Boyd**
                                             DELORES R. BOYD
                                             UNITED STATES MAGISTRATE JUDGE